IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JERRY ASMUSSEN,

        Plaintiff,

vs.

THE INTERPUBLIC GROUP OF
COMPANIES, INC.,

        Defendant.

8:26-CV-61

ORDER

This matter is before the Court on its own motion following the receipt of a notice (filing 12) from CT Corporation, a registered agent service, that the plaintiff's putative service of process on the defendant had been rejected because CT Corporation is not the defendant's registered agent. That notice confirms what the Court had already suspected. *See* filing 11.

And it means that, 4½ months after filing, this case hasn't progressed in any way. The plaintiff filed his initial complaint (filing 1) on February 13, 2026, but didn't request issuance of summons. Instead, he waited almost exactly 90 days—the *deadline* to serve process, *see* Fed. R. Civ. P. 4(m)—to file an amended complaint and *then* have summons issued. *See* filing 6; filing 7. That summons was directed to CT Corporation and was purportedly returned executed on May 29, but—as has now been confirmed—CT Corporation isn't the defendant and doesn't represent the defendant, so the attempt at service of process was ineffective. Nor was the plaintiff entitled to a clerk's entry of default, having not properly served the defendant. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995).

It's the plaintiff's obligation to use due diligence, before service of process, to determine the proper agent for service and conform to the

requirements of Rule 4. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3-4 (D.D.C. 2004). Neither the plaintiff's amended complaint, nor his defective attempt to serve process, toll Rule 4(m)'s 90-day deadline for service. *See id.*; *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004). And nothing in the record explains why the plaintiff delayed nearly 90 days in even attempting to serve process in the first place. Accordingly,

IT IS ORDERED:

1.  The clerk's entry of default (filing 10) is set aside, and the Clerk of the Court shall change the defendant's party type from "Defaulted Defendant" to "Defendant."

2.  The Clerk of the Court shall remove CT Corporation's address from the defendant's information on the docket.

3.  The plaintiff shall show cause, on or before **July 15, 2026**, why this case should not be dismissed pursuant to Rule 4(m) for failure to serve process.

4.  Failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 1st day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -