IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JERRY ASMUSSEN,

          Plaintiff,

vs.

THE INTERPUBLIC GROUP OF
COMPANIES, INC.,

          Defendant.

8:26-CV-61

ORDER

This matter is before the Court on the plaintiff's response (filing 17) to the Court's order (filing 13) directing the plaintiff to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve process. The Court will permit the plaintiff a *brief* extension of time to perfect service and file proof of service.

STANDARD OF REVIEW

An involuntary dismissal for failure to serve process, failure to comply with the Court's orders, or for failure to prosecute, is within the Court's discretion. Rule 4(m); Fed. R. Civ. P. 41(b); *see Schooley v. Kennedy*, 712 F.2d 372, 373-74 (8th Cir. 1983). Under Rule 4(m), there is a two-part inquiry. First, if the Court concludes there is good cause for the petitioner's failure to serve within 90 days, it shall extend the time for service. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). In determining whether good cause exists, the Court must focus primarily on the petitioner's reasons for not complying with the time limit in the first place. *Id.* It requires good faith and some reasonable basis for noncompliance with the rules. *Id.* Among other things, good cause is likely (but not always) to be found when the plaintiff is proceeding *pro se* or in

forma pauperis. *Id.* At its core, however, the standard of good cause is necessarily amorphous: whether or not it has been satisfied is largely dependent upon the facts of each individual case. *Id.*

Second, even if the petitioner fails to show good cause, the Court still may extend the time for service rather than dismiss the case, if the petitioner establishes excusable neglect. Such relief is warranted where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Id.* at 959. In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.*

But not all neglect is "excusable," and generally, neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *See Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000). Whether neglect is excusable in a particular case is at bottom an equitable decision, taking account of all relevant circumstances surrounding the omission. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010).

DISCUSSION

The plaintiff's response to the order to show cause comprises 151 pages, nearly all of which is irrelevant to the plaintiff's failure to serve process. *See* filing 17. The little that does address service of process is largely unpersuasive. The plaintiff claims that he attempted service through CT Corporation—"an industry-leading national service repository"—based on "standard public records." Filing 17 at 1. He then blames CT Corporation for accepting the documents and then waiting a month to declare that it was unauthorized to

- 2 -

accept process on the defendant's behalf. Filing 17 at 1. But CT Corporation wasn't obliged to do even that much—the fact that it made the effort to do so at all was an act of grace toward the plaintiff and the Court.

The plaintiff also claims that he didn't neglect the case because, after discovering that process was ineffective, he

> actively investigated the structural defect, directly calling Defendant's corporate headquarters on July 2, 2026, which served as the immediate catalyst prompting Defendant to enter an appearance that same day. Concurrently, Plaintiff maintained a position of professional forbearance to allow Defendant an orderly window to process the court-directed notice and comply so the case can be decided on its merits.

Filing 17 at 1-2. But the plaintiff fundamentally misunderstands what's happened here.

The Court may have provided some degree of actual notice to the defendant, but unless the defendant voluntarily appears or waives defective service, the Court lacks jurisdiction over a defendant if service of process isn't perfected—regardless of any actual notice the defendant may have of the lawsuit. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). The defendant hasn't voluntarily appeared or waived any objections to service of process. *See* filing 15 at 1 n.2; *Albert v. Am. Fam. Ins. Co.*, No. 24-12598, 2025 WL 1951867, at *1 (11th Cir. July 16, 2025); *Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986). In short, the plaintiff *still* hasn't served process, and still needs to.

Nor does the Court find good cause for the failure to serve process. The plaintiff has offered no cogent explanation for his belief that CT Corporation's Lincoln, Nebraska office was an appropriate place to serve summons. The

plaintiff's apparent reliance on Delaware records, see filing 17-17 at 3, plainly does not identify an agent for service in Nebraska. In contrast, the Nebraska Secretary of State's records clearly identify the registered agent for Interpublic, Inc., as did the Court's filing 11 and the defendant's filing 15 at 2.

Nonetheless, the Court finds that the plaintiff has failed to serve process as a result of excusable neglect. The plaintiff has at least shown good faith, what's happened here is well-described as "inadvertence, mistake, or carelessness." *See Kurka*, 628 F.3d at 959. The Court also finds that the only potential prejudice to the defendant, or impact on the proceedings or the Court, is that the defendant may have to defend the plaintiff's claims on the merits. *See id.* Accordingly, the Court will briefly extend the time for the plaintiff to perfect service.

CONCLUSION

The plaintiff must promptly serve process. He must complete the summons form again, this time providing the *correct* information for serving the defendant, and submit that form to the Clerk of the Court. The issued summons will then be returned to plaintiff for service on the defendant. The Clerk of the Court shall note that it is an amended summons. The plaintiff must then perfect service using a method approved by Rule 4(h).

IT IS ORDERED:

1.  The plaintiff shall perfect service as required by Rule 4(h), and file proof of service in the form required by Rule 4(l), **on or before July 24, 2026**.

- 4 -

2.    Failure to comply with this order may result in the dismissal of this case without further notice.

3.    The defendant's motion to set aside default (filing 14) is denied as moot.

Dated this 10th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge